IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DONALD GENE BLANTON, § | |
| PLAINTIFF, § | |
| § | |
| v. § | CIVIL CASE NO. 3:22-CV-336-G-BK |
| § | |
| DIRECTOR, TDCJ-CID § | |
| DEFENDANTS. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this action should be summarily dismissed.

**I. BACKGROUND**

In 2005, Donald Gene Blanton was convicted of possession of cocaine and tampering with evidence and was sentenced to 20 years' and life imprisonment, respectively. *Blanton v. State*, Nos. 23,078-86 and 23,592-86 (86th Jud. Dist. Ct., Kaufman Cnty., Tex. 2005). He unsuccessfully sought state and federal habeas relief, and the Court of Appeals for the Fifth Circuit denied him leave to file three successive habeas petitions. *See Blanton v. Davis*, No. 3:17-CV-1453-G (BH), 2017 WL 2729106, at *1 (N.D. Tex. June 5, 2017), *R & R adopted*, 2017 WL 2719351 (N.D. Tex. June 23, 2017) (summarizing filing history), *leave to file denied*, No. 17-10714, Civ. Doc. 17 (5th Cir. Aug. 14, 2017). As a result of his repetitive successive petitions, The Court of Appeals also ordered Blanton to pay a sanction of $100, which remains unpaid, and barred him "from filing in this court or any court subject to this court's jurisdiction

any challenge to his instant convictions until the sanction is paid, unless he obtains leave of the court in which he seeks to file such challenge." Civ. Doc. 17 at 2-3.

On February 8, 2022, Blanton filed—without obtaining leave of Court—a document that appears to be an attempted end-run around the Fifth Circuit's sanction order. *See* Doc. 2. Blanton asserts that he is a "totally actually innocent man in prison." Doc 2. at 1. He "wants his freedom and every red penny the state owes [him]." Doc. 2 at 1. He makes wholly scurrilous and delusional allegations against the Chief Judge of this Court and judges of the Court of Appeals for the Fifth Circuit and Texas Supreme Court, as well as the Governor of Texas, which do not merit repeating here. Doc. 2 at 3-5.

Upon review, Blanton's complaint is frivolous, lacking in any legal or factual basis, and should be dismissed *sua sponte*.

**II. ANALYSIS**

Blanton's complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915(A)(b).[1] Those statutes provide for the *sua sponte* dismissal of a complaint if the Court finds that it is frivolous or malicious, (2) fails to state claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law when it is premised "on an indisputably meritless legal theory," *Id.* at 327, and fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

---

[1] Because Blanton did not pay the required filing fee, the Court presumes that he seeks leave to proceed *in forma pauperis*.

The Court must always liberally construe pleadings filed by *pro se* litigants.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice.").  Even under a most liberal construction, however, Blanton's complaint is utterly frivolous and fails to state a claim.

By seeking a release from prison due to his alleged innocence, Blanton appears to challenge the validity of his conviction.  Constitutional challenges to state court convictions are generally only cognizable in a federal habeas corpus action after exhaustion of state court remedies.  28 U.S.C. § 2254.  *See also Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement'") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973))).  As such, the instant civil action is barred by the Fifth Circuit's sanction order, since the $100 sanction remains unpaid and Blanton did not obtain leave of this Court prior to filing.  That notwithstanding, the Fifth Circuit's sanction, though issued in the appeal of a habeas action, does not specify that it is limited only to future habeas actions and this Court does not presume so.  So to the extent Blanton is challenging his conviction, regardless of the legal vehicle for such challenge, the Court concludes the sanction nevertheless applies.

As stated *supra*, besides his protestations of innocence and demands that the Court release him from prison and award him money, Blanton includes a series of fanciful, conclusory, and inflammatory remarks against named judges and the Texas Governor.  *See* Doc. 2 at 4-6.  These allegations—if they can be called that—are patently frivolous.  Moreover, if Blanton is seeking monetary relief against these judges based on actions taken against him in their judicial capacities, such claims are barred by absolute judicial immunity.  *See*, *e.g.*, *Boyd v. Biggers*, 31

F.3d 279, 284 (5th Cir. 1994) ("Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions.") (citing *Graves v. Hampton*, 1 F.3d 315, 317 (5th Cir. 1993)). Judicial immunity applies regardless of the "alleged magnitude of the judge's errors" or the "mendacity of his acts." *See id.* (citing *Young v. Biggers*, 938 F.2d 565, 569 n.5 (5th Cir. 1991). Thus, the immunity would apply even if Blanton were alleging that the judges issued judgments or orders pursuant to a bribe or conspiracy. *See*, *e.g.*, *Holloway v. Walker*, 765 F.2d 517, 522 (5th Cir. 1985) (citing *Sparks v. Duval Ranch Co.*, 604 F.2d 976 (5th Cir. 1979) (en banc), *aff'd sub nom. Dennis v. Sparks*, 449 U.S. 24 (1980)).

Finally, to the extent that Blanton is making general allegations unconnected to any harm that he has suffered, he lacks standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (explaining that Article III standing requires an actual or imminent injury that is causally connected to the complained-of conduct).

In sum, Blanton fails to state a cognizable claim or anything that can be construed as such.

### III. LEAVE TO AMEND

Generally, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). However, the Court is not required to grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.* For the reasons outlined here, Blanton's claims are fatally infirm. Because Blanton presumably has already pled his best case, granting leave to amend would be futile and cause needless delay.

## IV. CONCLUSION

For the foregoing reasons, this action should be summarily **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim. See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

**SO RECOMMENDED** on April 21, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).